UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-377-FDW
(3:12-cr-72-FDW-1)

| | |
|---|---|
| TOMMIE LEE WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1).

## I. BACKGROUND

Pro se Petitioner Tommie Lee Williams seeks relief from his 184-month sentence under 28 U.S.C. § 2255, arguing that he is entitled to relief under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015).[1] Petitioner was indicted on December 13, 2012, and charged with three counts of distribution and/or possession with intent to distribute crack or powder cocaine, in violation of 21 U.S.C. § 841(a)(1); two counts of possession of a firearm in furtherance of a drug-trafficking offense or brandishing a firearm during and in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Crim. Case No. 3:12cr72, Doc. No. 39: Superseding Indictment). Following the

---

[1] The Fourth Circuit Court of Appeals has not yet held whether <u>Johnson</u> applies retroactively on collateral review. Here, the Court assumes, without deciding, that <u>Johnson</u> does apply retroactively. Moreover, as the Court notes, <u>infra</u>, although Petitioner's sentence was 184 months when he filed the petition, it has since been reduced to 168 months.

1

grand jury's initial indictment but before it returned its superseding indictment, the Government filed an Information in accordance with 18 U.S.C. § 3559(c) and 21 U.S.C. § 851, notifying Petitioner and this Court that the Government intended to seek enhanced penalties against Petitioner based on his prior convictions for violent-felony and serious-drug offenses. (Id., Doc. No. 15: Information to Establish Prior Conviction).

Three weeks after the grand jury returned its superseding indictment, Petitioner entered into a written plea agreement with the Government, agreeing to plead guilty to one § 924(c) firearm offense and the felon-in-possession offense. (Id., Doc. No. 43 at ¶ 1: Plea Agreement). In the parties' agreement, the Government agreed to withdraw its Information, which had exposed Petitioner to a mandatory life sentence, and agreed to recommend a sentence at the low end of the applicable Sentencing Guidelines range of imprisonment. (Id. at ¶ 7(a) and (b)). In exchange for these concessions, Petitioner agreed to waive his right to challenge his conviction or sentence in a motion filed based on 28 U.S.C. § 2255, "and similar authorities," except on the bases of ineffective assistance of counsel and prosecutorial misconduct. (Id. at ¶¶ 18; 19).

This Court, Magistrate Judge David Keesler presiding, conducted a plea colloquy in accordance with Federal Rule of Criminal Procedure 11. (Id., Doc. No. 44: Acceptance and Entry of Guilty Plea). During the colloquy, Petitioner affirmed that he understood the charges to which he was pleading guilty and the maximum penalties he faced. (Id. at ¶¶ 8; 9). Petitioner also affirmed that he was, in fact, guilty of the offenses to which he was pleading guilty and that he understood that if his sentence was more severe than he expected, he would still be bound by his plea and have no right to withdraw it. (Id. at ¶¶ 16; 23). Petitioner also affirmed that he understood that his right to challenge his conviction and/or sentence in a post-conviction proceeding had been "expressly waived" in his plea agreement. (Id. at ¶ 27). At the conclusion

2

of this hearing, this Court accepted Petitioner's guilty plea as knowingly and voluntarily entered. (Id. at p. 4).

In Petitioner's initial presentence report ("PSR"), the probation officer determined that he was an armed career criminal, subject to an enhanced sentence under 18 U.S.C. § 924(e). (Id., Doc. No. 50 at ¶ 31: PSR). Petitioner, through counsel, objected to his classification as an armed career criminal, and the probation office submitted a revised PSR, <u>concluding that Petitioner was not an armed career criminal and not subject to those enhanced penalties.</u> (Id., Doc. No. 53 at p. 31: Revised PSR). In the revised PSR, the probation office calculated a base offense level of 26 based on a cross-reference to the guideline applicable to controlled substances offenses, U.S.S.G. § 2D1.1, consistent with Sentencing Guidelines § 2K2.1(c)(1)(A). (Id. at ¶ 26). After a three-level reduction for acceptance of responsibility, the probation officer calculated a total offense level of 23 and a criminal-history category of VI, yielding an applicable Sentencing Guidelines range of between 92 and 115 months in prison for the felon-in-possession offense. (Id. at ¶¶ 32; 33; 56; 100). The probation office noted that Petitioner faced a consecutive term of at least seven years in prison for the § 924(c) offense. (Id. at ¶ 99).

During Petitioner's sentencing hearing, the Government declined to move for the one-level reduction in Petitioner's offense level under Sentencing Guidelines § 3E1.1(b), but this Court otherwise adopted the revised PSR. (Id., Doc. No. 57 at 1; 4: Statement of Reasons). Based on an advisory Sentencing Guidelines range of between 100 and 120 months in prison as to the felon-in-possession offense, this Court sentenced Petitioner to 100 months in prison for the felon-in-possession offense, and to a consecutive term of 84 months in prison for the § 924(c) firearm offense, entering its judgment on May 5, 2014. (Id., Doc. No. 56 at 2: Judgment; Doc. No. 57 at 1). Petitioner did not appeal. Instead, Petitioner filed the instant motion to vacate on

3

August 18, 2015, seeking relief under Johnson. While this action was pending, on November 3, 2015, this Court further reduced Petitioner's prison sentence from 184 to 168 months pursuant to Amendment 782 of the Sentencing Guidelines. (Id., Doc. No. 64).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and the Government's Response, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Government first contends that Petitioner's Johnson claim is subject to dismissal because he waived the right to bring it in his plea agreement. The Court agrees. It is well established that "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). There is "'no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in [a] plea agreement.'" Id. (quoting DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000) (brackets in original)). Whether a waiver is knowing and voluntary is evaluated based on the totality of the circumstances, United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010), "'including the background, experience and conduct of the accused,'" United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)); see also United States v. Broughton-Jones, 71

F.3d 1143, 1146 (4th Cir. 1995). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012). Additionally, it is well settled that statements made by a defendant during a Rule 11 proceeding constitute strong evidence of the voluntariness of a plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

Here, the record establishes that Petitioner knowingly and voluntarily waived his right to challenge his sentence in a post-conviction proceeding filed pursuant to 28 U.S.C. § 2255 or "similar authorities," except on the bases of ineffective assistance of counsel or prosecutorial misconduct. This Court conducted a thorough and careful Rule 11 colloquy, during which Petitioner affirmed that he understood that he was waiving both his right to appeal his sentence and his right to challenge his conviction or sentence in a post-conviction proceeding, and Petitioner does not argue that his plea was either unknowing or involuntary.

Additionally, Petitioner's claim of sentencing error, which is not based on either ineffective assistance of counsel or prosecutorial misconduct, falls within the scope of his post-conviction waiver, and all of the relief he seeks constitutes post-conviction relief. Accordingly, Petitioner's motion to vacate will be dismissed on this basis.

Next, the Government argues, and the Court agrees, that Petitioner's Johnson claim is subject to dismissal because it is procedurally defaulted. As is well established, where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised on collateral review only if the defendant can first demonstrate cause and actual prejudice, or that he is actually innocent of the conviction he challenges. Bousley v. United States, 523 U.S. 614, 622 (1998). With respect to the cause-and-prejudice standard, a petitioner

5

must demonstrate (1) the existence of cause for a procedural default that turns on something external to the defense; and (2) actual prejudice resulting from the errors of which he complains. United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010). As the Fourth Circuit has made clear, futility does not establish cause to excuse a procedural default. See Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. 2014) (en banc) (noting that "alleged futility cannot serve as 'cause' for a procedural default in the context of collateral review").

At no time during this Court's proceedings did Petitioner argue that his sentence was being enhanced based on an unconstitutionally vague residual clause. The claim Petitioner asserts in his motion to vacate is, therefore, procedurally defaulted. Additionally, Petitioner has not offered any cause external to his defense to excuse his procedural default, and, to the extent Petitioner would suggest that any argument challenging the constitutionality of the residual clause at the time of his sentencing hearing was futile, this explanation for cause is inadequate. See Whiteside, 775 F.3d at 185.

The Government next argues, and the Court agrees, that even if the Johnson claim were not waived and procedurally defaulted, the claim would fail on the merits. The ACCA provides for a mandatory minimum term of fifteen years in prison for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). "Violent felony" is defined to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B).

In Johnson, the Supreme Court held that the provision defining "violent felony" to

6

include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause" of the ACCA's "violent felony" definition, is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. The Supreme Court also held that the clause is void "in all its applications." Id. at 2561. However, the Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i). Id. at 2563.

As a result of Johnson, a defendant who was sentenced pursuant to a statutory mandatory minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. Where, however, the prior convictions upon which his enhanced sentence is based qualify as violent felonies under the "force clause," or qualify as one of the four enumerated offenses, no relief is warranted. **Here, Petitioner successfully objected to his classification as an armed career criminal under the ACCA; his sentence was, therefore, not enhanced based on the residual clause invalidated by Johnson**. Thus, even if Petitioner's claim were not waived and procedurally defaulted, it would fail on the merits.

Finally, the Court notes that, in his pro se petition, Petitioner states that he seeks alternative relief under 28 U.S.C. § 2241. For the same reasons that Petitioner cannot obtain Johnson relief through § 2255, his claim for alternative relief through § 2241 likewise fails. That is, he waived the right to bring a Johnson claim on collateral review, regardless of whether the claim is brought under § 2255 or § 2241. Likewise, his claim for relief under Johnson is procedurally defaulted, and, in any event, without merit, regardless of whether the claim is brought under § 2255 or § 2241.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 petition. Furthermore, Petitioner is not entitled to alternative relief under § 2241.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**. Furthermore, Petitioner is not entitled to alternative relief under § 2241.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Frank D. Whitney
Chief United States District Judge